**GRANT and ABATE and Opinion Filed June 30, 2021**



In the
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01137-CR

**NICHOLAS RYAN NADEAU, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-83228-2018**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Carlyle

Officer Colton Roelofs regularly surveils two convenience stores in Frisco because they are the only ones in the area known to sell methamphetamine pipes. On the night of March 24, 2018, he noticed Nicholas Nadeau enter one of the stores wearing a shirt from a rival convenience store. He thought that was odd, so he decided to follow Nadeau after he left the store, hoping Nadeau would commit a traffic offense that would allow him to initiate a traffic stop as pretext for investigating drug activity.

Immediately after Roelofs pulled out behind Nadeau, Nadeau turned into the parking lot at the second convenience store. Roelofs initiated a traffic stop, claiming

that Nadeau failed to continuously signal for 100 feet before turning. *See* TEX. TRANSP. CODE § 545.104(b). Roelofs questioned Nadeau about whether he possessed drugs and asked for consent to search the car. After Nadeau denied consent, Roelofs walked around the car with his K-9, and the dog alerted on the car. At that point, Nadeau admitted he had methamphetamine and marijuana in the car's center console, which a search later confirmed.

The grand jury indicted Nadeau for possessing between four and two hundred grams of methamphetamine. Nadeau moved to suppress evidence from the search, arguing that it flowed from an illegal traffic stop. According to Nadeau, he did not commit a traffic violation, and Roelofs thus had no reasonable suspicion to initiate the encounter. The key issue at the suppression hearing was whether Roelofs had an objectively reasonable basis to believe Nadeau failed to signal continuously for 100 feet before turning. Roelofs testified based on his own observations that Nadeau signaled at most twenty-five feet before turning. Daryl Parker, an experienced investigator and former police officer, testified for Nadeau. Parker analyzed dash-cam footage from Roelofs's car and concluded, based on measurements taken from the scene and reflections of light visible in the video, that Nadeau signaled at least 162 feet before turning.

Despite Parker's testimony, and the video evidence, the trial court denied the motion to suppress, stating:

Excellent investigation, I think, but we are not limited to what the video camera says. We are to take into consideration all of the evidence as a whole, including the officer's testimony. Just think about the days when we didn't have video cameras at all. And so the motion to suppress is denied.

Nadeau entered a "not guilty" plea to the charge and a "not true" plea to the State's enhancement allegation. The jury found him guilty, found the enhancement allegation was true, and assessed punishment at 25 years' confinement, with a $6,956.00 fine.

Nadeau's appellate attorney has filed a motion to withdraw and a brief in which he concludes Nadeau's appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). Counsel appears to have delivered a copy of both the brief and the appellate record to Nadeau, and we advised Nadeau of his right to file a pro se response, which he did. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014).

"An appeal is 'wholly frivolous' or 'without merit' when it 'lacks any basis in law or fact.'" *Crowe v. State*, 595 S.W.3d 317, 319 (Tex. App.—Dallas 2020, no pet.) (quoting *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988)). Arguments are frivolous only when they "cannot conceivably persuade the court." *Id.* (quoting *McCoy*, 486 U.S. at 436). An appeal is not "wholly frivolous" when it is based on arguable grounds. *Id.*

When we receive an *Anders* brief, we must review the record and make an independent determination of whether there are any arguable grounds for the appeal.

*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). If we conclude appellate counsel exercised professional diligence and agree the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *Id.* But if we conclude either that counsel has not adequately reviewed the record for arguable error or that the appeal is not wholly frivolous, "we must abate the appeal and return the cause to the trial court for the appointment of new appellate counsel." *See id.*

Having reviewed counsel's brief, Nadeau's pro se response, and the record, we conclude there is at least one arguable issue—whether the trial court erred by denying Nadeau's motion to suppress. We therefore grant counsel's motion to withdraw, strike the *Anders* brief filed in this Court, and remand the case to the trial court. *See id.* The trial court shall appoint a new attorney to investigate the record and file a brief on the merits that presents all arguable grounds for appeal, including but not limited to the non-frivolous ground identified above.

We abate the appeal to allow the trial court to comply.

/Cory L. Carlyle/

CORY L. CARLYLE

JUSTICE

191137f.u05

Do Not Publish

TEX. R. APP. P. 47.2(b)